IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

RUSSELL E. NEASBITT,

    Petitioner,

v.

JOHN MASQUELIER, Warden,[1]

    Respondent,

Case No. 23-CV-257-JFH

## OPINION AND ORDER

Petitioner Russell E. Neasbitt ("Neasbitt"), an Oklahoma prisoner appearing through counsel, brings this action pursuant to 28 U.S.C. § 2254, seeking federal habeas relief from the judgment entered against him in the District Court of Marshall County, Case No. CF-2012-0168. Dkt. No. 1. Respondent Jim Farris ("Respondent"), by and through the Attorney General of the State of Oklahoma, Gentner F. Drummond, moved to dismiss the petition, arguing Neasbitt failed to state a claim upon which relief can be granted, failed to file the petition within the one-year limitations period prescribed in 28 U.S.C. § 2554(d)(1) and Neasbitt's claim is unexhausted, in contravention of 28 U.S.C. § 2254(b)(1). Dkt. Nos. 7 and 8. Having considered the Petition [Dkt. No. 1], Respondent's Motion to Dismiss [Dkt. No. 7] and Brief in Support [Dkt. No. 8], Neasbitt's Response [Dkt. No. 9], Respondent's Supplement [Dkt. No. 13], and applicable law, the Court finds and concludes that the Petition shall be denied.

---

[1] Neasbitt presently is incarcerated at James Crabtree Correctional Center in Helena, Oklahoma, and John Masquelier is the current warden of that facility. The Court therefore substitutes John Masquelier, Warden, in place of Christe Quick as party Respondent. *See* Rule 2(a), *Rules Governing Section 2254 Cases in the United States District Courts*. The Clerk of Court shall note on the record this substitution.

**I.    Background**

Neasbitt was convicted pursuant to a guilty plea on March 12, 2014, of shooting with intent to kill, in violation of Okla. Stat. tit. 21, § 652(A). Dkt. No. 8-1. The state district court sentenced Neasbitt to eighteen (18) years of imprisonment. *Id.* Neasbitt did not move to withdraw his plea within ten days of sentencing, a precondition to seeking direct review of his conviction and sentence through certiorari appeal with the Oklahoma Court of Criminal Appeals ("OCCA"). *See Clayton v. Jones*, 700 F.3d 435, 441 (10th Cir. 2012) (discussing appeal process in Oklahoma for defendants who plead guilty and noting that defendant must move to withdraw guilty plea within ten days if defendant intends to appeal).

Neasbitt subsequently filed a *pro se* Motion for a Sentence Reduction/Modification on May 22, 2014. This motion was denied on July 2, 2014. Dkt. No. 8-2. On September 1, 2017, Neasbitt filed a Petition for Writ of Habeas Corpus in Alfalfa County District Court, Case No. WH-2017-016, seeking relief from his Marshall County conviction on the ground that he is an Indian and committed his crime in Indian County. Dkt. No. 8-3 at 1-4.[2] The district court dismissed the petition because it was filed in the wrong county. *Id.* at 5-6. Neasbitt sought appellate relief from the dismissal order in the Oklahoma Supreme Court and relief was denied December 4, 2017. Dkt. No. 8-3 at 7.

On March 28, 2018, Neasbitt filed an Application for Post-Conviction Relief ("PCR") in Marshall County District Court on the ground that he is an Indian, he committed his crime in Indian Country and the State of Oklahoma lacked authority to prosecute him. Dkt. No. 1-1 at 32-43. The State filed oppositions on April 25, 2018, and August 17, 2020. Dkt. No. 8-4. On March 24, 2021, the district court entered an order finding Neasbitt is an Indian, committed his crime in Indian

---

[2] The Court's citations refer to the CM/ECF header pagination.

Country and, "based on the decision in *McGirt* and/or *Bosse*," dismissed his case "as this Court lacked subject matter jurisdiction at all relevant times." Dkt. No. 1-1 at 28-31. As a result of the March 24, 2021 Order, Neasbitt was released from state custody. *See* Dkt. No. 1 at 1. The State did not appeal the dismissal order. Dkt. No. 8 at 12.

A few months later, on August 12, 2021, the OCCA determined in *State ex rel. Matloff v. Wallace,* 497 P.3d 686 (Okla. Crim. App. 2021), that *McGirt v. Oklahoma,* --- U.S. ----, 140 S. Ct. 2452, 2478 (2020),[3] did not apply retroactively to convictions that were final at the time *McGirt* was decided. In light of *Matloff*, the State filed a Motion to Vacate Order Granting Post-Conviction Relief on August 27, 2021. Dkt. No. 1-1 at 44-51. Neasbitt filed a response in opposition contending the district court was without jurisdiction to grant relief because the State did not appeal the March 24, 2021 Order. Dkt. No. 1-1 at 52-56. On November 29, 2021, the district court ruled the March 24, 2021 Order was "issued in error," and granted the State's Motion to Vacate. Dkt. No. 1-1 at 57. The district court ordered Neasbitt to serve his remaining sentence. *Id.*

On December 21, 2021, Neasbitt filed a Petition for Writ of Prohibition. Dkt. No. 1-1 at 20-27. In the Petition for Writ of Prohibition, Neasbitt argued:

> Respondent has exercised judicial power by vacating the dismissal that was issued on the 24th day of March, 2021; Respondent lacked jurisdiction to do so as no appeal or motion was filed by the State within the time periods prescribed by statute or court rule; and Respondent has lost his freedom as a result of his action and can

---

[3] The prisoner in *McGirt* claimed that because he is Indian, the federal government, not the state, should have prosecuted him for major crimes he committed within the boundaries of the Muscogee (Creek) Nation Reservation. *McGirt*, 140 S. Ct. at 2459. The question presented in *McGirt* was narrow: whether the land promised to the Muscogee (Creek) Nation through treaties signed by the United States government in 1832 and 1833 "remains an Indian reservation for purposes of federal criminal law." 140 S. Ct. at 2459. The *McGirt* Court held that because Congress did not disestablish the Muscogee (Creek) Nation Reservation the land within the historical boundaries of that reservation is "Indian country," as defined in 18 U.S.C. § 1151(a), and, as a result, the federal government has exclusive jurisdiction, under the Major Crimes Act, to prosecute certain crimes committed by Indians within those boundaries. *McGirt*, 140 S. Ct. at 2468, 2479-80.

> only regain that freedom if this Court issues an order prohibiting Respondent from vacating the order of dismissal.

Dkt. No. 1-1 at 23. The Petition for Writ of Prohibition focused on the district court's lack of jurisdiction to vacate its March 24, 2021 Order. *See id.* at 20-27. The OCCA denied Neasbitt's Petition for Writ of Prohibition. Dkt. No. 1-1 at 66-97. The OCCA held "the District Court retained jurisdiction to vacate or modify its previous order granting post-conviction relief because dismissal of [Neasbitt's] judgment and sentence was unauthorized under Oklahoma law." *Id.* at 71. "The erroneous judicial release by the District Court of a prisoner is subject to prompt correction by the court." *Id.* "This is so even when the unauthorized dismissal occurs in the context of an order granting post-conviction relief which is not timely appealed by the State." *Id.* at 72. "Based on the total and extraordinary circumstances presented, [Neasbitt] fails to show the District Court exercised judicial power that is unauthorized by law and the exercise of said power will result in injury for which there is no other adequate remedy." *Id.* Neasbitt's instant Petition for Writ of Habeas Corpus followed on August 2, 2023. Dkt. No. 1.

Neasbitt claims that the state courts deprived him of a liberty interest without due process, in violation of the Fourteenth Amendment, by reinstating his original judgment and sentence and reimprisoning him after the district court lawfully granted his application for postconviction relief, dismissed the underlying criminal charges on the ground that the State lacked subject matter jurisdiction, and the State waived its statutory right to appeal the grant of postconviction relief. Dkt. No. 1 at 6, 12-20.[4] Relying primarily on *Hicks v. Oklahoma*, 447 U.S. 343, (1980), Neasbitt contends that the OCCA's decision denying his Petition for Writ of Prohibition—and effectively

---

[4] In his Petition, Neasbitt made a passing reference to a violation of his right to equal protection without developing facts or arguments that might support a colorable equal protection claim. Dkt. No. 1 at 6, 20. Accordingly, the Court limits its analysis to the Fourteenth Amendment claim.

4

reversing the March 24, 2021 Order—resulted from the OCCA's failure to follow state law and the OCCA's "own rules" regarding postconviction review and that the OCCA's "manipulation of state law statutes and rules deprived [him] of his liberty interest as provided by the Fourteenth Amendment." Dkt. No. 1 at 12-14, 18-20.  Neasbitt further contends that by releasing him from custody after it dismissed the underlying charges, the state could not "re-convict[ ]" him as the state "no longer has jurisdiction of him because he is Native." *Id.* at 5, 14, 19.

As noted, Respondent argues dismissal of the Petition is appropriate because Neasbitt failed to state a claim upon which relief can be granted, the Petition is time-barred and Neasbitt failed to exhaust his Fourteenth Amendment claim.  Dkt. No. 8.

## II.    Analysis

A federal court has discretion to grant federal habeas relief to a prisoner who is in state custody pursuant to a final criminal judgment if the prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *see Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) ("[I]t is only noncompliance with federal law that renders a State's criminal judgment susceptible to collateral attack in the federal courts.").  But the federal habeas statutes, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and as interpreted by the United States Supreme Court, significantly limits a federal court's discretion to grant habeas relief to a state prisoner.  Below the Court addresses each of Respondent's contentions.

### A. Failure to State a Claim

Respondent first contends Neasbitt has failed to state a claim for relief.  Dkt. No. 8 at 13-31.  The Court may dismiss a complaint under Rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon*, 935

F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Respondent argues Neasbitt's "allegations are dedicated to showing the OCCA misconstrued and/or erroneously applied state law in his case (and in *Matloff*)." Dkt. No. 8 at 14. Respondent's position is Neasbitt failed to allege either a substantive or procedural due process claim necessitating dismissal. *See id.* at 13-31. The Court disagrees.

Recently, the Tenth Circuit recognized a petitioner very similarly situated to Neasbitt alleged a violation of the Fourteenth Amendment, not just state law. *Graham v. White,* 101 F. 4th 1199, 1204-05 (10th Cir. 2024). Graham, an Indian who committed her crime in Indian Country, was granted post-conviction relief on April 8, 2021, and released. *Graham v. White,* 678 F. Supp. 3d 1332, 1339 (N.D. Okla. 2023) *rev'd and remanded*, 101 F.4th 1199 (10th Cir. 2024). After *Matloff* was issued, the State filed a Motion to Vacate Order Granting Post Conviction Relief, Reinstate Conviction and Sentences, and Remand to Custody which was granted on November 5, 2021. *Id.* at 1343. The OCCA denied Graham's Petition for Writ of Prohibition (which did contain a Fourteenth Amendment claim) in April 2022. *Id.* at 1345-46. Graham subsequently filed a Petition for Writ of Habeas Corpus on April 25, 2023, and the district court granted it. *See id.* at 1348, 1360.

> On appeal, the Tenth Circuit explained:
>
> Habeas relief is available for a violation of the federal constitution, but not for a violation of state law. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). The State points out that Ms. Graham alleges a misapplication of Oklahoma law. If Ms. Graham had stopped there, her claim wouldn't support habeas relief. **But Ms. Graham also alleges a denial of due process from the misapplication of state law. These allegations involve a violation of not only state law but also the federal constitution.**

> Granted, the theories involving state law and the federal constitution are intertwined. But "in rare circumstances, a determination of state law can be so arbitrary or capricious as to constitute an independent due process violation." *Cummings v. Sirmons*, 506 F.3d 1211, 1237 (10th Cir. 2007) (alterations and quotation marks omitted) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)).
>
> Ms. Graham not only labels her claim as constitutional, but also alleges that it was arbitrary for the state court to jettison the initial order (vacating the convictions). Though this allegation turns on an antecedent question of state law, an arbitrary application of state law could impinge on the right to due process. *See id.* **So the claim isn't confined to a violation of state law.**

*Graham,* 101 F.4th at 1204-05 (emphasis added).[5] The same reasoning applies here. Neasbitt does allege a misapplication of Oklahoma law. *See* Dkt. No. 1 at 12-16, 18-20. However, Neasbitt also alleges a denial of due process from the misapplication of state law. *See e.g., id.* at 12 ("Respondent's and OCCA's manipulation of state law statutes and rules deprived the Petitioner of his liberty interest as provided by the Fourteenth Amendment."); 19 ("Petitioner has a liberty interest protected by a clear, specific and exclusive method under Oklahoma law for the State to seek relief from the district court's order freeing him. It chose not to do so, and it was a substantive due process violation for OCCA to allow the State an unlawful remedy now."). Accordingly, the Court concludes Neasbitt alleged a violation of the Fourteenth Amendment and declines to dismiss Neasbitt's Petition for failure to state a claim.

---

[5] The Tenth Circuit went on to reverse the district court's decision. *See Graham,* 101 F. 4th 1199. The district court concluded Graham fairly presented a Fourteenth Amendment claim but the OCCA inadvertently overlooked or intentionally ignored it. *Graham,* 678 F. Supp. 3d at 1355. Reviewing the claim de novo, the district court concluded "the OCCA arbitrarily disregarded the crushing weight of the state law and its own procedural rules governing postconviction review and capriciously rested its conclusion that the [Tulsa County District Court] had authority to vacate the April 8, 2021, order granting postconviction relief on the demonstrably false premise that the April 8, 2021, order was 'unauthorized by law.'" *Id.* at 1355-58. The Tenth Circuit "presumed the state appeals court considered the constitutional claim" and held the OCCA did not act unreasonably in determining the facts or in applying a Supreme Court holding. *See Graham,* 101 F. 4th at 1206-10. The Tenth Circuit remanded with instructions to deny habeas relief. *Id.* at 1210.

### B. Statute of Limitations

Next, Respondent contends Neasbitt failed to file the instant Petition within the one-year limitation period prescribed by 28 U.S.C. § 2244(d). Dkt. No. 1 at 31. Under the AEDPA, state prisoners have one year from the latest of four (4) triggering events in which to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). These events include:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; [and]
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). The one-year limitations period generally runs from the date the judgment became "final" under § 2244(d)(1)(A), unless a petitioner alleges facts that implicate § 2244(d)(1)(B), (C), or (D). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000).

Respondent contends the Petition is untimely under § 2244(d)(1)(A) because Neasbitt's original judgment became final in 2014 and there are no tolling events under § 2244(d)(2) that would render the Petition timely. *See* Dkt. No. 8 at 31-32; *see also* 28 U.S.C. § 2244(d)(2) (providing that the AEDPA limitations period is tolled during the pendency of any "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim"). The Court agrees the Petition is not timely under § 2244(d)(1)(A). Neasbitt's judgment became final in March 2014, his AEDPA deadline under § 2244(d)(1)(A) expired in

March 2015,[6] and the record does not support that statutory tolling, or equitable tolling, could render the 2023 Petition timely.

Respondent further argues § 2244(d)(1)(D) is inapplicable because, in his view, Neasbitt failed to state a claim and "the constitutional error [Neasbitt] raises focuses only on the State's post-conviction remedy and not the judgment which provides the basis for his incarceration, it states no cognizable federal habeas claim." Dkt. No. 8 at 32. Having rejected Respondent's argument that Neasbitt failed to state a claim, the Court disagrees with Respondent that § 2244(d)(1)(D) is unavailable to Neasbitt. The predicate for Neasbitt's claim, the district court allegedly unconstitutionally reinstating his conviction, did not exist at the time his original conviction became final. The earliest date a reasonably diligent petitioner could have discovered the factual predicate for the Fourteenth Amendment due process claim was November 29, 2021, when the state district court issued its first order vacating the grant of postconviction relief and reinstating the 2014 judgment. Dkt. No. 1-1 at 13. The Court finds that, with the benefit of statutory tolling, the Fourteenth Amendment claim is timely under § 2244(d)(1)(D).[7] The Court declines to dismiss Neasbitt's Petition as untimely. *See Brewer v. Drummond*, 751 F. Supp. 3d

---

[6] Even giving Neasbitt the benefit of statutory tolling while his motion for sentence modification was pending, or until May 2015, the Petition is still out of time under § 2244(d)(1)(A). The question of whether "a motion for judicial review under § 982a can ever lead to tolling of the statute of limitations under § 2244(d)(2) is an 'unresolved issue in our circuit.'" *Davis v. Bridges*, No. 22-6107, 2024 WL 140026, at *7 (10th Cir. Jan. 12, 2024) (unpublished) (quoting and citing *Randall v. Allbaugh*, No. 16-5109, 662 F. App'x 571, 573 n.3 (10th Cir. Sept. 27, 2016) (unpublished)).

[7] Under § 2244(d)(1)(D), the one-year limitations period began to run on November 29, 2021. Neasbitt promptly sought review in the OCCA through his December 21, 2021 Writ of Prohibition. Dkt. No. 1-1 at 20-27. Accordingly, the limitations period was tolled until November 4, 2022, when the OCCA denied the Writ of Prohibition. *Id.* at 66-97. At that point, Neasbitt had 343 days remaining, or until October 13, 2023, to file the instant Petition. Neasbitt filed the instant Petition on August 3, 2023. Dkt. No. 1.

1246, 1259-60 (N.D. Okla. 2024) (finding petition filed by similarly situated prisoner timely under § 2244(d)(1)(D)); *see also Nunley v. Drummond*, 23-CV-380-CVE, 2024 WL 3433660, at *4-5 (N.D. Okla. July 15, 2024) (same).

### C. Failure to Exhaust

Lastly, Respondent contends Neasbitt's Petition should be dismissed without prejudice because Neasbitt failed to exhaust this Fourteenth Amendment claim. "A state prisoner generally must exhaust available state-court remedies before a federal court can consider a habeas corpus petition." *Bland v. Sirmons,* 459 F.3d 999, 1011 (10th Cir. 2006); *see* 28 U.S.C. § 2254(b)(1)(A). "Exhaustion requires that the claim be 'fairly presented' to the state court, which 'means that the petitioner has raised the "substance" of the federal claim in state court.'" *Fairchild v. Workman*, 579 F.3d 1134, 1151 (10th Cir. 2009) (quoting *Bland*, 459 F.3d at 1011). "[T]o be fairly presented, the state-court claim must be the 'substantial equivalent' of its federal habeas counterpart." *Grant v. Royal,* 886 F.3d 874, 891 (10th Cir. 2018) (quoting *Picard v. Connor*, 404 U.S. 270, 278 (1971)). "[T]he crucial inquiry is whether the 'substance' of the petitioner's claim has been presented to the state courts in a manner sufficient to put the courts on notice of the federal constitutional claim." *Prendergast v. Clements*, 699 F.3d 1182, 1184 (10th Cir. 2012) (citing *Picard*, 404 U.S. at 278).

The Court agrees with Respondent; Neasbitt did not fairly present his Fourteenth Amendment claim in state court. *See* Dkt. No. 8 at 34. His Petition for Writ of Prohibition makes no mention of due process or the Fourteenth Amendment. *See* Dkt. No. 1-1 at 20-27. Thus, the OCCA was not put on notice of the federal constitutional claim nor did the state court have a full and fair opportunity to resolve the federal constitutional claim before it was presented to this Court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (noting the exhaustion requirement is a "rule of comity" that "is designed to give the state courts full and fair opportunity to resolve federal

constitutional claims before those claims are presented to the federal courts."). However, the Court declines to dismiss the Petition without prejudice on this basis.

Instead, the Court will address the merits. *See Moore v. Schoeman*, 288 F.3d 1231, 1235 (10th Cir. 2002) (explaining that "a district court faced with a habeas petition containing unexhausted claims may either (1) dismiss the entire petition without prejudice in order to permit exhaustion of state remedies, or (2) deny the entire petition on the merits"); 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."). As discussed below, the Court finds Neasbitt's Fourteenth Amendment claim has no merit and denies the claim despite the lack of exhaustion. *Janke v. Novac,* 42 F. App'x 107, 110 (10th Cir. 2002) ("Where, as here, the claim has no merit, it will be denied without requiring useless state-court litigation to accomplish the exhaustion rule."); *Hoxsie v. Kerby,* 108 F.3d 1239, 1243 (10th Cir. 1997) ("The Supreme Court in *Granberry* reasoned that 'if the court of appeals is convinced that the petition has no merit, a belated application of the exhaustion rule might simply require useless litigation in the state courts.'" (quoting *Granberry v. Greer,* 481 U.S. 129, 133 (1987)).

The Fourteenth Amendment's Due Process Clause guarantees that states will not deprive any person "of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "The Supreme Court has interpreted this language as guaranteeing not only certain procedures when a deprivation of an enumerated right takes place (procedural due process), but also as guaranteeing certain deprivations won't take place without a sufficient justification (substantive due process)." *Browder v. City of Albuquerque*, 787 F.3d 1076, 1078 (10th Cir. 2015); *see also Hicks v. Oklahoma*, 447 U.S. 343, 346-47 (1980) (discussing due process violation arising from arbitrary application of state laws); *Wolff v. McDonnell*, 418 U.S. 539, 558 (1974) ("The touchstone

of due process is protection of the individual against arbitrary action of government."); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("[D]ue process is flexible and calls for such procedural protections as the particular situation demands."). The Court understands Neasbitt's claim as asserting a substantive due process claim. Neasbitt suggests the OCCA acted arbitrarily under Oklahoma law in allowing the state district court to modify the initial order after the State's appeal time had expired. Dkt. No. 1 at 19.

"Substantive due process … guards against the arbitrary exercise of governmental power that shocks the conscience." *Leatherwood v. Allbaugh,* 861 F.3d 1034, 1046 n.11 (10th Cir. 2017). As the Tenth Circuit noted, "in rare circumstances, a determination of state law can be so arbitrary or capricious as to constitute an independent due process violation." *Graham,* 101 F. 4th at 1205 (quoting *Cummings*, 506 F.3d at 1237).

"The [OCCA] might or might not have been right in upholding the state district court's power to reinstate the convictions." *Graham,* 101 F. 4th at 1210. Nevertheless, against the backdrop of the legal landscape and factual circumstances of this case coupled with the Tenth Circuit's guidance in *Graham*, "it was not fundamentally unfair or arbitrary" for the State to reinstate Neasbitt's original conviction. *Leatherwood,* 861 F.3d at 1049. Nor does the OCCA's decision "shock the conscience." *Id.* at 1046 n.11. Neasbitt pled guilty to the underlying offense and was sentenced to serve an eighteen (18) year term of incarceration. Dkt. No. 8-1. Now that the dust has settled post-*McGirt*, this Court cannot conclude the OCCA acted arbitrarily or capriciously when it upheld the reinstatement of Neasbitt's conviction and required Neasbitt to serve the rest of his sentence. Accordingly, the Court concludes no Fourteenth Amendment violation occurred, and the Petition is denied.

### III. Conclusion

As explained above, the Court finds Neasbitt stated a claim upon which relief can be granted, his claim is not time barred and Neasbitt failed to exhaust his claim. Despite the lack of exhaustion, the Court declines to dismiss the petition without prejudice on this basis. The Court finds and concludes Neasbitt is not entitled to federal habeas relief under 28 U.S.C. § 2254. The Court, therefore, denies the Petition. The Court further concludes that no certificate of appealability shall issue because reasonable jurists would not debate the correctness of this Court's assessment of Neasbitt's constitutional claim. 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

IT IS THEREFORE ORDERED that Respondent's Motion to Dismiss [Dkt. No. 7] is DENIED; the Petition [Dkt. No. 1] is DENIED; a certificate of appealability is DENIED; and a separate judgment shall be entered in this matter.

IT IS FURTHER ORDERED that the Clerk of Court shall note on the record the substitution of John Masquelier, Warden, in place of Christe Quick as party Respondent.

Dated this 10th day of February, 2026.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE